## HART *v.* CUMMINS.

Where, in an action on a transcript of a judgment in another state, it appeared from said transcript, that the original writ of summons was signed "R. P. Macly, Prothonotary, per J. H. Haming," and was returned by the sheriff as follows: "Summoned per copy, October 24th, 1838—so answers Wm. Glover, sheriff;" and where the defendant objected to the introduction of the transcript as evidence, for the reason that the summons was not signed by the prothonotary, or by any person as his deputy, and because the record did not show such service as gave the court jurisdiction over the person of the defendant, which objections were overruled, and the transcript admitted in evidence; *Held,* That neither of the objections were well taken.

An affidavit for an attachment, on the ground that the defendant has property, goods, or money, or lands and tenements, or choses in action, not exempt from execution, which he refuses to give either in payment or security of the debt, need not describe the property of the defendant not exempt from execution; nor need the affidavit state the place where the payment or security was demanded.

It is the *refusal* to give property in payment or security, which gives the right

Hart v. Cummins.

·to an attachment, not the mere inability to do so, because of being absent from such property.

Where an attachment was dissolved, on motion, because the affidavit did not describe the property of the defendant that was not exempt from execution, and did not state the place where the demand for payment or security was made, the order dissolving the attachment was reversed.

### Appeal from the Buchanan District Court.

THIS suit was brought on a judgment rendered in the Court of Common Pleas of Union County, Pennsylvania, and at the commencement thereof, the plaintiffs procured the auxiliary process of attachment. The transcript of said judgment shows, that the original writ of summons was signed, "R. P. Macly, Prothonotary, per J. W. Haming," and was returned by the sheriff, indorsed, "Summoned per copy, October 24th, 1838—so answers William Glover, sheriff." The petition for the attachment, after stating the amount due to the plaintiffs from defendant, proceeds as follows: "And your petitioners now here state, that the said Charles W. Cummins has lands and tenements in said county of Buchanan, not exempt from execution, which they, by their attorney, Norman W. Isbell, on the 23d day of January, 1854, requested of said Cummins, either in payment or security of said debt, and that the said defendant then and there refused to give the same in payment or security of the said debt." To this action, the defendant set up several defences, and also moved to dissolve the attachment, which motion was sustained. The defendant also objected to the introduction of the transcript as evidence, for reasons which will appear in the opinion. The objections were overruled, and judgment rendered in favor of plaintiffs for the amount of their claim. Both parties appeal to this court—the plaintiffs from the order dissolving the attachment; and the defendant from the ruling of the court, on the objections taken to the introduction of said transcript.

*Smith, McKinlay & Poor,* for the plaintiffs.

*I. M. Preston,* for the defendant.

WRIGHT,. C. J.(1)—The defendant insists that the court below, improperly admitted the transcript in evidence, because the writ of summons, therein recited, was not signed by the prothonotary, or by any person as his deputy, and also because the record did not show such service as gave the said Union county court, jurisdiction over the person of said defendant. Neither objection is well taken. It appears that the writ was under the seal of the proper court, and was returned by the proper sheriff. The record also discloses, aside from the writ, that the defendant was "summoned." Under such circumstances, it would be going farther than is warranted by any authority found, to say that such judgment was not entitled to faith and credit, because the person using the name of the prothonotary, or acting for him, failed to attach to his name the word "deputy." It would be a technical objection at most, to a writ, in an appellate court, reviewing directly the judgment, let alone when urged in a proceeding such as the one before us. To allow such an irregularity to affect the faith and credit due to such judgments, would be to violate the spirit of the act of 1790, and deny to them the conclusiveness which the policy, as well as the letter, of the statute contemplates.

The second objection is equally untenable. See the case of *Latterett* v. *Cook*, *ante*, 1. There the writ, which brought the party into court on the judgment sued upon, appeared to have been returned "served," and signed by the proper sheriff. In the absence of all showing to the contrary, it was held, that the court rendering the judgment had jurisdiction of the person, and that the same was entitled to full faith and credit. We see no reason to change the rule there recognized. In this case, the writ was returned "Summoned, per copy October 24, 1838—so answers Wm. Glover, sheriff." If a return of "served" would be sufficient, much more clearly the return in this case.

---

(1) ISBELL, J., having been of counsel, took no part in the determination of this cause.

We next consider the sufficiency of the affidavit for the attachment. The act of January 24th, 1853 (laws of 1853, 143), provides, that " a party is entitled to an attachment, if, after stating the amount claimed to be due, he shall state in his affidavit, that the defendant has property, goods, or money, or lands and tenements, or choses in action, not exempt from execution, which he refuses to give, either in payment or security of said debt." Defendant urges that the affidavit, in this case, is defective, because it does not describe what lands and tenements of defendant were exempt from execution, and also because the place where the payment or security was demanded, is not stated. The affidavit, so far as relates to the ground for the attachment, is set out in *hœc verba* in the statement of the case, and without specifying again its averments in detail, we are clearly of the opinion that is sufficient. It will be seen that the law, in terms, does not require that the affiant shall state specifically the property that is exempt, and we can conceive of no good reason why it should be construed as requiring it, by implication or otherwise. To require it would in no manner tend to protect any right defendant could claim, and to hold it unnecessary cannot prejudice him. And so it is, with reference to requiring the plaintiff to state the place of the demand. It is urged by counsel, that the demand for payment or security should be made at a place where defendant could be able to comply, and not at a place distant from the property, or from the defendant's residence, where alone he is presumed to be able to make the necessary conveyances. But it must be borne in mind, that it is the *refusal* to give the property in payment or security, which gives the right to the attachment, not the mere inability to do so, because of being absent from such property. The law, in effect, says, it is reasonable, and imposing no improper duty on a defendant, to require him to give his property in payment or security of his debt, when requested. Should he refuse to comply with this reasonable request, he becomes liable to have his property attached. If he does so refuse, what matters it where the request is

made? If he accedes to the request, and proceeds with reasonable expedition to comply, he should not be liable to attachment. If he does not, he is liable. The particularity insisted upon by defendant, is not required by the law, and we see no reason for holding a plaintiff to make averments that the statute does not appear to have regarded essential.

The order of the court below, dissolving the attachment, is reversed, and in all other respects, the judgment is affirmed.