## STRUBLE v. MALONE.

In an action on the transcript of a judgment rendered in another state, the defendant cannot raise the objection, that the process in the original action, was not served by any officer known to the law, or one authorized to serve such writs.

Where in an action on a judgment rendered in another state, the defendant answered, averring that the defendant, at the time of the alleged service of the original summons, was not a resident of the state where the judgment was rendered; that he was not served with notice of the pendency of said suit; and that he had no agent or attorney in said state, authorized to appear or acknowledge service for him, to which answer a demurrer was sustained; *Held*, 1. That the answer was insufficient. 2. That the averments in the answer, should have been followed by the allegation, that the defendant did not voluntarily appear in the original action.

*Appeal from the Lucas District Court.*

THIS action was brought to recover the amount of a judgment rendered against defendant by the Court of Common Pleas of Guernsey county, Ohio. Judgment for plaintiff, and defendant appeals.

*J. E. Neal,* for the appellant.

*Knapp & Caldwell,* for the appellee.

WRIGHT, C. J.—It is first urged by appellant, that the

Struble v. Malone.

summons issued from the common pleas court in Ohio, was not served by any officer known to the law, or one authorized to serve such writs. Whatever force this objection might have if urged, on appeal from the original judgment, in the appellate tribunal in the state where said judgment was rendered, it can have none here. *Harts* v. *Cummings*, 1 Iowa, 564; *Latterett* v. *Cook*, 1 Ib. 1.

The next objection is, that the court erred in sustaining the demurrer to defendant's answer. This answer avers that defendant at the time of the alleged service of the original summons, was not a resident of the state of Ohio; that he was not served with notice of the pendency of said suit, and that he had no agent or attorney in said state, authorized to appear or acknowledge service for him. If we grant to defendant the right to deny, at this time, the jurisdiction of said common pleas court, we are still clear that this answer is insufficient. For anything that appears therefrom, said defendant voluntarily submitted to said jurisdiction. All of the averments therein made, should have been followed by the allegation *that he did not appear*, or that he did not voluntarily submit his cause to said court. *Baltzell* v. *Nosler*, 1 Iowa, 588; *Latterett* v. *Cook*, 1 Ib. 1; *Shinnaway* v. *Stittman*, 4 Cowen, 292.

It is finally objected, that the judgment below is for a larger sum than was warranted from the proof. An examination of the record satisfies us that a correct computation of interest, would entitle the plaintiff to a judgment for *more*, rather than *less*, than that given him by the District Court.

Judgment affirmed.