## POLLARD v. BALDWIN.

1. **Judgment:** FOREIGN: HOW FAR CONCLUSIVE. In an action on a foreign judgment, the defendant may show that he was not, in fact, served with process, and that the court had no jurisdiction of his person, notwithstanding the certified copy of the judgment entry (which is not accompanied by a summons nor return of the officer) may recite that the defendant was "duly served."

2. Evidence: MILITARY ORDER. It is no objection to the admission of evidence of the order of a superior military officer, under which defendant, in an action for the value of certain property seized by him, justifies, that such order was *verbal*.

## Appeal from Clinton District Court.

### FRIDAY, JUNE 14.

FOREIGN JUDGMENT: HOW FAR CONCLUSIVE, ETC.—Action on a judgment, purporting to have been rendered in favor of the plaintiff and against the defendant, on the 13th day of January, 1865, by the Circuit Court of Greene county, Missouri.

Two defenses were pleaded: 1. That the defendant was in the military service of the United States, and commissioned as lieutenant-colonel of the 8th Missouri Cavalry; that he and his regiment were stationed at Springfield, Missouri; that martial law was in force; that, by the verbal command of General Orme, in command of the district, and the superior officer of the defendant, he (the defendant) seized certain liquors belonging to the plaintiff and turned them over to the medical department of the army; that, for this, the plaintiff brought his action in the court of Missouri at a time when martial law was in force, and civil law and the functions of the courts were suspended; that the plaintiffs' cause of action was the seizure of said liquors by the defendant, acting in the line of his duty, under orders from a superior officer.

2. The second defense was pleaded in these words: "Defendant denies that summons or process in the suit which plaintiff claims to have commenced in Missouri and on which he obtained the said judgment, was ever served on defendant; denies that said court had jurisdiction of his person when said judgment was rendered."

Issue was taken by the plaintiff on each of these defenses.

On the trial before the court and a jury, the plaintiff, to prove the issues on his part, offered in evidence a *transcript of the record entry of the judgment* rendered in the Circuit Court of Missouri, in the words, to wit:

| | |
|---|---|
| " WILLIAM S. POLLARD<br>*vs.*<br>" E. B. BALDWIN. | *Regular Jan. Term*, 1865, *Jan.* 13, 1865, *of Circuit Court, of Greene county, Missouri.* |

" Now, on this day (January 13, 1865), comes the plaintiff by attorney, and it appearing to the satisfaction of the court that the defendant had been duly served with process at least fifteen days before the first day of the last term of this court, and having failed to plead to plaintiff's petition, the same is taken as confessed, and this action being founded on the unlawful taking of personal property from plaintiff by defendant, the court doth find from the evidence that defendant is indebted to plaintiff in the sum of $133.75. It is therefore considered," etc. (*here follows an entry of judgment in the usual form.*)

This was all the evidence introduced by the plaintiff. Defendant, against plaintiff's objection, read the deposition of Hudson Burr, tending to prove the first defense above pleaded, viz.: that the defendant, as lieutenant-colonel of the 8th Missouri Cavalry, by the verbal order of General Orme, commander of the district, seized certain liquors and turned them over to the medical department; and that martial law was then in force, and continued in force long afterward. It is not necessary to notice this deposition more particularly.

The bill of exceptions, after setting forth the above facts, then proceeds: " The defendant then offered to prove by verbal evidence and not by any return of the officer whose business it was to serve the process in said case, that he was not duly served with process as set out

in the record of said cause; to which proof the plaintiff then and there objected, and objected to any verbal proof to contradict the said record; but the court overruled the objection and allowed verbal proof to be made. The plaintiff then and there excepted, and this was all the evidence."

The jury found a verdict for the defendant. Plaintiff moved a new trial, because the court erred in allowing said deposition to be used, and in allowing verbal evidence to contradict the record.

Motion overruled, and judgment against plaintiff; from which he appeals.

*N. A. Merrill* for the plaintiff.

*John C. Polley & W. E. Leffingwell* for the defendant.

DILLON, J.—I. Annexed to the plaintiff's petition, as an exhibit, is a certified copy of the *judgment entry* of the

1. JUDGMENT: foreign: how far conclusive.

Circuit Court of Greene county, Missouri, the same as copied in the statement. Neither as an exhibit to the pleading, nor on the trial, was there an exemplified copy of the entire record of the cause in Missouri. There is no copy of the petition or complaint, summons or other process, or return, in the record on the present appeal. There is only the record or journal entry of a judgment against the defendant introduced in evidence on the trial in the court below. This, as will be seen by recurring to the statement, recites " that it appeared to the satisfaction of the court that the defendant had been duly served with process." How he was served, personally or by copy, or in some other mode, does not appear, and was not shown by the partial record of the proceedings in Missouri, introduced in evidence on the trial of the present cause.

Under these circumstances, the question is, whether the defendant, in an action on this judgment, is concluded by the above named recital in the judgment entry, from showing that he was in fact not served. In our opinion he is not thus concluded.

In an action on a foreign judgment, the better reason and the weight of modern authority alike are, that the judgment debtor may successfully defend by showing that he was not served with process; that is, as we understand the reason of the rule, he may, by evidence, establish the fact that the foreign court had no *jurisdiction* over him, and may do this, notwithstanding the record entry may recite that he was "served" or "duly served." If it is clearly shown that the foreign court had no jurisdiction over him its recitals are worthless. The presumption is in favor, and we may say thoroughly in favor, of the jurisdiction and the truth of the recitals in that respect. Therefore the contrary must be shown, and clearly shown, by the defendant. Until the contrary is shown, until the presumption of jurisdiction is met and clearly overthrown, the defendant is bound. If the jurisdiction of the foreign court is sustained then it may well be that the recitals of its records have the same force and conclusiveness that like recitals would have in a domestic judgment.

In full support of these views see Am. Law Reg., Vol. 6 (N. S.), 11.; 5 Id., 388, and cases cited; *Harshey* v. *Blackmarr*, 20 Iowa, 161; *Glason* v. *Dodd*, 4 Met. (Mass), 333, and authorities cited; *Starbuck* v. *Murray*, 5 Wend., 148; *Holbrook* v. *Murray*, Id., 161; *Shelter* v. *Tiffin*, 6 How. (U. S.), 163; *Dozer* v. *Richardson*, 25 Geo., 90; *Kimball* v. *Merrick*, 20 Ark., 12; *Hess* v. *Cole*, 3 Zabr., 116; *Rogers* v. *Gwinn*, June term, 1866; *Pearce* v. *Olney*, 20 Conn., 557.

We are therefore of opinion that the District Court did not err in allowing the defendant to show by verbal evi-

dence that he was not served with process. How the defendant proved this we do not know, for the bill of exceptions does not contain the testimony on this point. We can only presume, since the court refused a new trial, that the proof was ample.

But the appellant argues that the answer and the evidence are insufficient in not negativing the idea or presumption that the defendant voluntarily appeared to the action and submitted to the jurisdiction of the court, citing on this point *Struble* v. *Malone* (3 Iowa, 586).

No such question was made in the District Court. The answer was not there objected to as insufficient. Besides, the record entry of the Missouri judgment itself fairly negatives the notion that the defendant voluntarily appeared. It shows that, in fact, he did not appear, that he failed to plead, and that the petition was accordingly taken as confessed.

Appellant also argues that the return of service by the sheriff is conclusive upon the parties, and cannot be contradicted. Admitting that to be true, the difficulty is, that the appellant did not show or prove any sheriff's return whatever.

II. The plaintiff also assigns as error, the introduction of the evidence given by the witness, Burr. This evidence, so far as it showed or tended to show that the defendant was an officer in the service of the United States, and that he was verbally ordered by his superior officer to seize plaintiff's property, and that he did so, was clearly competent. We are aware of no law, military or otherwise, imperatively requiring such orders to be in writing. We have not been shown any rule or law which would have exempted the defendant from military arrest and punishment had he refused to obey such an order because not in writing. Therefore

2. EVIDENCE: military order.

we cannot reasonably require written evidence of that which was never authenticated by writing.

It is also claimed by the plaintiff that the court erred in allowing the witness' evidence to show that martial law existed and was in force at the time. A general statement to this effect was all that the witness deposed to; he does not undertake to say or testify to what extent martial law was in force, or whether it did or did not abrogate the ordinary civil jurisdiction of the courts.

The case evidently did not turn on this point. If we should concede that the appellant's view of the law was the correct one, we would still, on well recognized principles governing our actions as an appellate tribunal, deem it to be our duty to affirm the judgment of the court below.                                                   Affirmed.