ARNOLD, (SMITH v.) See Case No. 13,004.

ARNOLD, (SWATZEL v.) See Case No. 13,682.

ARNOLD, (SWOPE v.) See Case No. 13,702.

ARNOLD, (UNITED STATES v.) See Case No. 14,469.

## Case No. 562.

### ARNOTT v. WEBB.

[1 Dill. 362.] [1]

Circuit Court, D. Kansas. 1870.

FOREIGN JUDGMENT—ACTION ON —DEFENSES—ASSIGNMENT—VALIDITY.

1. In an action on a foreign judgment, the debtor may plead as a defense. that he was not served with a process, and that the attorney who entered an appearance and filed an answer for him, had no authority to do so.

2. Where one of several joint or copartnership debtors himself pays off the judgment to the creditor, and causes it to be assigned to a third person, who advanced to the debtor the money with which he paid it, on an understanding between them (to which the creditor was not a party, nor the other joint debtors), that he was to have the benefit of the assignment as a security for his loan: *Held*, that such assignee could not maintain an action against the other debtors, on the judgment thus assigned to him.

At law. An action was brought, in New York, by a firm creditor, against the three members of the firm, after dissolution, on promissory notes made by the firm. Two of the defendants lived in that state, and the other, the present defendant, resided in Pennsylvania. No summons or other process was issued in the New York action; but an answer was filed by attorneys at law for all of the defendants. Judgment was rendered in that action, against all of the defendants; and the record thereof contains no recital as to the personal appearance of the present defendant (Webb); but only "that the defendants appeared and answered" by attorney, and such an answer is on file, and of record. An action on this judgment was brought against the said Webb, by an assignee thereof, in this court.

Thatcher & Wheat, for plaintiff.

Webb, Burns & Case, for defendant.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

PER CURIAM, (DILLON, Circuit Judge, and DELAHAY, District Judge, concurring.) Held, 1. That the defendant was not estopped by the record of the New York judgment, from showing as a defence that he was never served with process, and never appeared to the action, and never employed, or authorized, or assented to the employment

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

of the counsel who filed the answer. Shelton v. Tiffin, 6 How. [47 U. S.] 163; Harshey v. Blackmarr, 20 Iowa, 161, and cases cited at pages 172, 173; Rogers v. Gwinn, 21 Iowa, 58; Bryant v. Williams, Id. 329; Pollard v. Baldwin. 22 Iowa, 328; 5 Amer. Law Reg. (N. S.) 385. Held, 2. That if after the rendition of said judgment in New York, one of the joint debtors paid the same to the creditor, and colorably procured an assignment thereof to be made to the present plaintiff, the latter could not recover thereon, even though he may have loaned the said judgment debtor the money with which he paid the judgment, and have made such loan on the understanding between them that he was to have the benefit of an assignment of the judgment as security for his advance or loan to such judgment debtor.

AROMA MILLS, The. See Case No. 2,041.

ARONSON, (HOFFMAN v.) See Case No. 6,-576.

A. ROSSITER, The, (WARD v.) See Case No. 17,147.

ARREDONDO, (WARD v.) See Case No. 17,148.

ARROW, The, (BUTLER v.) See Case No. 2,237.