## HATFIELD et al. v. LEWIS.

No. 14832—Opinion Filed May 12, 1925.

**1. Judgment—Invalidity Against Nonresident Codefendant—Lack of Process or Appearance.**

Where one of several codefendants is a nonresident and has not been served with process and has neither voluntarily appeared nor authorized an attorney to appear and plead for him, nor authorized a codefendant or any other person to employ counsel for him, such defendant is not bound by any act of an unauthorized attorney, and a judgment rendered against such defendant is void and a nullity.

**2. Same—Vacation of Judgment.**

Where one of several defendants is not served with summons or entered his appearance, or authorized any person to appear for him, it is not error of the court to sustain a motion filed by such defendant to vacate a judgment rendered against him in the action.

**3. Same—Lack of Laches in Codefendant Failing to Appear and Repudiate Unauthorized Attorney's Acts.**

Where one of several defendants has not been served with process, and is advised by reputable counsel for the codefendants, that, notwithstanding an attorney without authority has filed an answer for all defendants, judgment cannot be taken against the defendant not served with process, and that his name will be withdrawn as a defendant, and such defendant relies upon this statement, he is not guilty of laches for his failure to appear specially for the purpose of repudiating the acts of such unauthorized attorney.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Effie and D. T. Hatfield against Carl Lewis et al. for damages for causing the death of plaintiffs' son. Carl Lewis was a nonresident of Oklahoma and was not served with summons. Counsel for the three codefendants of Lewis filed an answer for all defendants, but was never authorized by Lewis to appear and answer for Lewis and Lewis moved to vacate the judgment rendered against him in the cause. Judgment against Lewis vacated by the court and plaintiffs appeal. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiffs in error.

O. S. Booth, S. R. Lewis, and O. W. Wortham, for defendant in error.

Opinion by RUTH, C. Plaintiffs in their petition allege the defendants were employed in the police department of the city of Tulsa, Okla., and they conspired and confederated together to effect the death of Vernon Hatfield, and on January 12, 1917, defendants wrongfully, willfully, wantonly and intentionally, and without authority of law, or any justification, shot and killed Vernon Hatfield, a son of the plaintiffs, who was at that time 20 years of age, and at the time of his death was riding in an automobile on East Third street in Tulsa, Okla.

Summons was duly issued and returned showing personal service on Townsend, Shue, and Miller, and as to Carl Lewis, there was no service, he not being found in that county. No further effort was made to serve Lewis, and no alias summons was ever issued. A demurrer was filed for all defendants and signed "Albert C. Hunt, attorney for defendants." Thereafter Biddison & Campbell, attorneys at law, filed an answer for all defendants, and alleged the deceased was transporting whisky in violation of law, and when they attempted to arrest him, the deceased drew a gun and commenced shooting at the officers. Thereafter a motion for continuance was filed by W. T. Hunt and A. C. Hunt, as attorneys for defendants, and the affidavit in support thereof specifically states that the attorneys do not appear for Carl Lewis.

The affidavit of H. H. Townsend, in support of the motion for a continuance, states, among other things, that he employed W. T. and A. C. Hunt to represent him. Townsend, and the other defendants, except Carl Lewis.

The attorneys, Hunt & Hunt, wrote letters to various witnesses in other states, making inquiry as to where best to take their depositions, and in their letters they stated they represented Townsend, Shue and Miller only. Hunt & Hunt also wrote Carl Lewis at Winchester, Wyo., relative to taking his deposition, and advised him that Biddison & Campbell had filed an answer for all defendants, but that this would not bind Lewis unless he had authorized them to represent him, and that they would see Biddison & Campbell and have them modify the answer by leaving Carl Lewis out of the case. Lewis replied that he did not object to giving his deposition in the case, but desired proof that his name had been left out of the case. Hunt & Hunt then wrote Lewis in part as follows, to wit:

"Thinking you might have some fears that giving your deposition would enable them to get a judgment against you in the

event of plaintiffs' recovery, will say there is no danger of anything of the kind. That so long as you remain out of this state, they cannot sue and get a personal judgment against you. They must have service on you or a voluntary appearance on your part," etc.

The cause was tried to a jury and the following verdict returned:

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths find the issues for the plaintiffs and fix the amount of their recovery at $5,000 or $3,800 compensatory and $1,200 exemplary."

The verdict made no mention of the defendants by name or otherwise and the journal entry of judgment recited;

"It is therefore ordered, adjudged and decreed that the plaintiffs have and recover of and from the defendants the sum of $5,000," etc.

No mention of defendants by name was contained in the journal entry. Motion for new trial was duly filed and overruled and notice of appeal was given on May 17, 1920. On January 4, 1923, execution was issued and levied against the property of Carl Lewis H. H. Townsend, Ramsey Miller, and William Shue. On February 16, 1923, Carl Lewis filed his motion to vacate the judgment rendered against him on March 29, 1920, for the following reasons:

"(1) That this defendant was never served with process in this cause either by summons or publication.

"(2) That he at no time entered his appearance in the cause or authorized any person to enter his appearance or plead therein.

"(3) That no appearance was ever made on behalf of this defendant in said cause by his consent or with his knowledge.

"(4) That the judgment was made and entered by the court without jurisdiction of the person of this defendant and is therefore wholly void.

"(5) That defendant never did employ counsel to appear in this cause for him; that he never authorized any other person to employ counsel for him; that ever since the institution of the suit he has been a resident of the state of Wyoming, and has never been in Oklahoma since the suit was instituted."

To this motion were attached numerous affidavits in support thereof, among which appears the affidavit of Harry Campbell, attorney at law, and of the firm of Biddison & Campbell, which firm filed answer for the defendants, and Campbell states that his firm was employed by a body of men known as the "Committee of One Hundred" to defend H. H. Townsend, William Shue, Ramsey Miller, and Carl Lewis, in a criminal prosecution wherein they were tried for the murder of Vernon Hatfield. That when this civil action was filed, Biddison & Campbell filed an answer, but they never did, or never intended to, and were never authorized to appear for Carl Lewis, but appeared only, and intended to appear only, for the defendants who had been served with process, to wit, Shue, Townsend, and Miller. The affidavit of W. T. Hunt, one of the attorneys for defendants, recites that his firm was employed to represent Townsend, Shue, and Miller, but that they never represented Carl Lewis.

The execution levied upon property of Carl Lewis was recalled, and hearing upon the Lewis motion to vacate the judgment as to him was had, and Harry Campbell of Biddison & Campbell testified his firm made all the arrangements for the defense in the murder trial, as well as the civil suit, with a Mr. Terrill, representing the "Committee of One Hundred," but that Lewis's name was never mentioned, and Biddison & Campbell filed an answer without any authority from Lewis, and then these attorneys withdrew from the case for the reason the "Committee of One Hundred" had not yet paid the fees due in the murder trial.

It thus appears Biddison & Campbell were not employed or retained by any of the defendants, but by a stranger to the action, acting for a "Committee of One Hundred," but Townsend, Miller, and Shue acquiesced therein and ratified the actions of this firm of attorneys, but Lewis did not acquiesce, and had no knowledge of the appearance of this firm of attorneys in the case at the time answer was filed. A. C. Hunt testified that his firm was never employed by or authorized to represent or appear for Carl Lewis.

The court, at the conclusion of the evidence, rendered judgment vacating the judgment as to Carl Lewis, and plaintiffs appeal. Plaintiffs contend that as Lewis had notice one month before the trial that Biddison & Campbell had filed an answer for all defendants, and did not protest, he is estopped from procuring a vacation of the judgment. Defendant relied upon the word of eminent reputable counsel, that without personal service, or an authorization from him for an appearance by counsel, judgment could not be taken against him, and that he would be dropped from the case, and defendant Lewis was not required to repudiate the acts of Biddison & Campbell.

The record was before the court disclosing the fact that Carl Lewis had never been served with summons, and under our statute counsel for plaintiffs had the right to require counsel for defendants to show by what authority they appeared for any defendant and which defendants they were representing.

Plaintiffs cite opinions which we cannot concede are authorities under the facts in this case. They cite Abbott & Company v. Dutton (Vt.) 8 Am. Rep. 394, but the Vermont decisions were based upon the decision in Scott v. Larkin, 13 Vt. 112, wherein it was said:

"One defendant in an action ex contractu is permitted by the court to defend for his codefendants. At common law, and by our practice, except under the late statute, each defendant in actions ex contractu must defend for all."

It is apparent from this opinion that the right of our defendant to appear for all extended only to actions ex contractu, and not to tort, in the state of Vermont, and even this right appears to have been denied by "late statute" as indicated in the opinion.

Seale v. McLaughlin, 28 Cal. 668, was a motion to vacate a judgment against McLaughlin. From an examination of the case we gather Gordon. McLaughlin et al. were sued in an action involving lands. The plaintiff Seale had a conversation with McLaughlin, and told him Gordon had caused an attorney to appear and plead for McLaughlin, and McLaughlin was wholly indifferent and disinterested. The court found that McLaughlin had not even filed an affidavit in the case, that he had no interest in the land, and was a mere trespasser. The motion to vacate appears to have been engineered entirely by Gordon, and the appellate court affirmed the judgment of the lower court in denying the motion.

Oxtoby v. Henley (Iowa) 84 N. W. 942, Thompson v. Hemenway (Ill.) 109 Am. St. Rep. 239, and Anderson v. Crawford (Ga.) L. R. A. 1918 B, 894, cited by plaintiffs, were cases where the parties seeking to vacate a cost judgment were parties plaintiff in the original action; had knowledge of the fact, and of course it required no service of process to bring them into court, and the cited cases are not in point.

In Wheatland Grain & Lumber Co. v. Dowden, 26 Okla. 441, 110 Pac. 898, this court said:

"The record showing an appearance by an attorney, and no service of summons upon the defendant, it may be shown by parol that the attorney was unauthorized to make such appearance. A void judgment may be vacated at any time on motion by a party or other person affected thereby without setting up a meritorious defense."

No case has been called to our attention where this court passed upon this question, but it has been passed upon by courts of last resort in other states and by the Supreme Court of the United States.

In Reynolds v. Fleming, 30 Kan. 106, the attorneys for W. M. C. Reynolds informed the attorney for Fleming "that he thought R. M. Reynolds would appear and save costs of publication, and he filed answer for both W. M. C. and R. M. Reynolds, and sent a copy of answer to R. M. in Washington, D. C., and R. M. wrote the attorney informing him the brother, W. M. C., was not authorized to act for him (R. M.)."

In the case before us, Carl Lewis, on learning through a reputable attorney that other attorneys, without authority to act, had filed an answer for all defendants, immediately disavowed that he had authorized any attorney to appear for him, declared he had not been served with summons, and further required proof that he had been dropped from the case before he would give his deposition. It would indeed be a strange and pernicious rule, to permit plaintiffs to include any number of persons as defendants, and upon failure of service of process, permit an unauthorized attorney to file answers for such defendants, and drag them into court, and then compel these defendants to employ counsel to drag them out again.

Mr. Justice Sherman, in Critchfield v. Porter, 3 Ohio, 519, said:

"The mischief that might follow from holding that the acts of the unauthorized attorney are conclusive upon the person for whom he appears, would induce the court to hesitate long before it would establish such a rule. It would in some degree subject the property of every individual in the community to the mistakes or malice of a particular class of men."

For authorities of like tenor, see Lawrence v. Jarvis, 32 Ill. 304; Arnott v. Welch, 1 Dill. 362; Ward v. Price, 1 Dutch (N. J.) 225; Pennywit v. Foote, 27 Ohio St. 600; Dobbins v. Dupree, 39 Ga. 394; Wiley v. Pratt, 23 Ind. 628; Weatherbee v. Weatherbee, 20 Wis. 499; Ferguson v. Crawford, 70 N. Y. 253; Clark v. Little, 41 Iowa, 497; Butcher v. Bank, 2 Kan. 70; Ry. Co. v. Streeter, 8 Kan. 133; Foreman v. Carter,

9 Kan. 674; Hanson v. Walcott. 19 Kan. 207; Mastin v. Gray, 19 Kan. 458; Harsley v. Blackmarr, 20 Iowa, 161; Shelton v. Tiffin et al., 47 U. S. 163 (6 How. 163); which last cited case holds:

"Where a citizen of Virginia sued in the circuit court of Louisiana two persons jointly, one of whom was a citizen of Louisiana and the other of Missouri, and an attorney appeared for both defendants, the citizen of Missouri is at liberty to show that the appearance for him was unauthorized. If he shows this. he is not bound by the proceedings of the court, whose judgment, as to him, is a nullity."

In the instant case the moving defendant was a resident of Wyoming, had not been served with summons, had not authorized any attorney to appear and plead for him; had not authorized any other person to employ an attorney for him, and the attorneys who did file the answer for all defendants were not employed by any of the defendants, but filed their answer at the request of a Mr. Terrill, representing a "Committee of One Hundred," and then the attorneys later withdrew on account of the nonpayment of attorneys' fees by the committee.

We are therefore constrained to hold the acts of the attorneys were not binding upon the defendant Carl Lewis, and he not having been served with summons, a motion to vacate the judgment as to him was the proper procedure, and under the evidence, we find no error in the judgment vacating the judgment as to Carl Lewis, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. 630; 33 C. J. p. 1096. (2) 34 C. J. p. 274; 15 R. C. L. 700. (3) C. J. p. 266.