## FORD et al. v. WALTER et al.

No. 20480. Opinion Filed April 4, 1933.

Roddie & Harrison, for plaintiffs in error.

Wimbish & Wimbish, for defendants in error.

WELCH, J. The facts are the plaintiffs owned the tract of land involved, and, in 1920, executed a mortgage thereon to Dickinson-Reed-Randerson Company to secure a note for a like amount due in 1930. In 1922 the plaintiffs conveyed the land by warranty deed to V. H. Stevens. In 1924 V. H. Stevens executed an oil and gas lease on the land to W. G. Franklin, which he, in the following month, assigned to T. B. Slick. In 1926 V. H. Stevens conveyed the land by warranty deed to D. Howard Doane.

Plaintiffs instituted this action in 1928, and alleged that the deed was given to Stevens as additional security; that the Central States Life Insurance Company became the owner of the original note and mortgage, and that the Stevens deed was given to Doane as trustee for the Central States Life Insurance Company as additional security for the debt, and in this action plaintiffs sought to have the deed to Stevens, and the deed to Doane, declared to be mortgages in truth and in fact, and tendering the amount of the debt plaintiffs sought cancellation of those deeds and release of the original mortgage. At the beginning of this action possession of the land was held by D. Howard Doane under his deed from Stevens.

The plaintiffs in this action also sought

cancellation of the oil and gas lease held by T. B. Slick upon the allegation that he had knowledge of, or was chargeable with notice that, the deed from the plaintiffs to V. H. Stevens, although in form a warranty deed, was in truth and in fact given as additional security for the mortgage indebtedness.

The defendants, who held possession of the land and the record title thereto, answered, admitting the plaintiffs' allegations and electing to accept the tender of the debt due, and upon payment thereof acquiesced in the plaintiffs' right to be reinvested with title to the land.

The defendant T. B. Slick denied plaintiffs' allegations and asserted the validity of his oil and gas lease taken in reliance upon the record title of V. H. Stevens.

Trial was had in the district court without a jury, and resulted in judgment for plaintiffs as against the defendants holding legal title to the land, but in favor of the defendant T. B. Slick, holder of the oil and gas lease. The defendants holding legal title did not except to the judgment, but plaintiffs appealed from the judgment rendered in favor of T. B. Slick.

The first proposition urged that the court erred in denying plaintiffs a jury trial. It will be observed that the relief sought against the defendant T. B. Slick was the cancellation of the oil and gas lease. That the other defendants acquiesced in plaintiffs' claim that they were entitled to be reinvested with title to the land, and to possession thereof on the payment of the debt, which payment was tendered by plaintiffs. And plaintiffs' right to cancel the oil and gas lease depended upon whether the leaseholder had knowledge, or was chargeable with notice, of the import of the deed to Stevens unrevealed by the record.

In this action the plaintiffs were not entitled to a jury trial as a matter of right. This we hold under authority of Mathews v. Sniggs, 75 Okla. 108, 182 P. 703, and Moschos v. Bayless, 126 Okla. 25, 258 P. 263. The holding in these cases, and in the cases therein cited, clearly sustains the conclusion reached by the court in the instant case. We, therefore, hold there was no error in the trial of this cause by the court without a jury.

It is suggested that plaintiffs waived a jury by entering into the trial at the commencement thereof, and proceeding with a portion of the testimony before the court before demanding a jury, but we do not pass upon the sufficiency or insufficiency of this as a waiver, for the reason that plaintiffs were not entitled to a jury trial as a matter of right in the first instance.

It is next insisted by plaintiffs "that T. B. Slick was not an innocent purchaser in good faith without notice, and, therefore, plaintiffs were entitled to a decree of cancellation." An examination of the record discloses that the trial court was clearly justified in the conclusion reached that the defendant T. B. Slick had no knowledge of the circumstances surrounding the execution and delivery of the deed to V. H. Stevens, and that no circumstance was shown sufficient to charge defendant T. B. Slick with notice thereof. There is no evidence upon which a different conclusion could have been reached. The plaintiffs had conveyed the land by warranty deed to V. H. Stevens two years before the execution of the oil and gas lease, and no reason is shown why the defendant Slick was not entitled to rely upon the record title of Stevens, and we conclude there was no error of the finding of the trial court that the defendant T. B. Slick was an innocent purchaser in good faith and without notice.

Plaintiffs next insist as follows:

"If the defendant in error T. B. Slick was, in fact, an innocent purchaser without notice, in that event the plaintiffs were entitled to a decree of cancellation, and the defendant T. B. Slick was entitled only to a return of the purchase money with legal interest thereon."

And plaintiffs rely upon a statutory provision, O. S. 1931, section 9676; C. O. S. 1921, section 5255; R. L. 1910, section 1158, which is as follows:

"Any person purchasing or taking any security against real estate in good faith and without record notice from one holding under an instrument purporting to be a conveyance, but intended as security for the payment of money; and which instrument has been duly recorded without any other instrument explanatory thereof, shall be protected to the extent of the purchase price paid or actual outlay occasioned with lawful interest, against all persons except those in actual possession at the time of such purchase or outlay"

—which plaintiffs assert is a clear definition of the rights of the parties to this action.

However, we find this statute, O. S. 1931, section 11264; C. O. S. 1921, section 7640; R. L. 1910, section 4021, as follows:

"When a grant of real property purports to be an absolute conveyance, but is intended

to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated"

—and this court has held that the latter quoted section prevails over the former quoted section, and that the latter quoted statutory provision is the applicable section of the statute in the protection of the interest of all of the defendants in such cases as this. Armstrong v. Phillips, 76 Okla. 192, 184 P. 109; Armstrong v. Phillips, 82 Okla. 82, 198 P. 499; Coleman v. Armstrong, 128 Okla. 87, 261 P. 228.

We, therefore, hold that the plaintiffs are not entitled to cancellation of the oil and gas lease under the statutory provision first above quoted. We approve the conclusion of the trial court that T. B. Slick was an innocent purchaser in good faith without notice, and hold that his interest must be protected even though the deed from the plaintiffs to Stevens was, in fact, executed as security only, since by the execution of such deed the plaintiffs held Stevens out and allowed him to appear as the owner of the land with full power to dispose of same. Noe v. Smith, 67 Okla. 211, 169 P. 1108.

The judgment of the trial court in favor of the defendant T. B. Slick is, therefore, affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY, J., absent.