## O'BRIEN PACKING CO. v. MARTIN.

No. 25611.    March 26, 1935.

Rehearing Denied May 7, 1935.

R. L. Suddath, for plaintiff in error.

Paxton Howard, for defendant in error.

PER CURIAM. This action was commenced in the trial court by Dr. E. T. Martin, defendant in error herein, against the O'Brien Packing Company, a copartnership composed of Ed O'Brien and Charles O'Brien, plaintiff in error herein, for the recovery of fees alleged to have been earned by him as live stock inspector for Tulsa county, Okla., under the provisions of section 8791, Okla. Stat. 1931. For convenience, the plaintiff in error will be hereinafter referred to as the packing company, and the defendant in error as the inspector.

When the action was called to trial, the parties thereto waived a jury, and submitted the matter to the court, upon evidence and stipulation of facts, from which it appears that the board of county commissioners of Tulsa county failed to appoint inspectors under the provisions of Joint Resolution No. 43 (sections 7822-7826, Okla. St. 1931), and that the inspector herein was appointed by the Board of Agriculture, and the fees sued for earned by him, under the provisions of section 8791, Okla. St. 1931. Judgment was rendered by the trial court for the inspector against said company, from which it appeals to this court, urging the same contentions herein as it urged in the trial court, which contentions are set forth in its brief in the following words and figures:

"It will thus be seen that the parties and the court below all regarded this case as being one of law and not of fact, and that the court held that section 8791 of the Compiled Statutes of Oklahoma 1931, which was a general law (which recognized and affirmed House Joint Resolution No. 43, of the Thirteenth State Legislature as being the law governing the inspection in Tulsa county, Okla.) was the law governing the inspection of animals in Tulsa county, Okla., for slaughter, when, as a matter of law, the plaintiff in error contends, and will satisfy this court, that said House Joint Resolution No. 43 was, and is now, the only law applying to the inspection of live stock for slaughter in Tulsa county, Okla., and that the defendant in error had no right to collect fees, but would have to look to the county of Tulsa for his pay under said House Joint Resolution No. 43, which provided that a salary would be paid by the county of Tulsa to live stock inspectors," etc.

In support of its contentions, the packing company cites cases holding that a later statute, general in its terms, not expressly repealing a prior special statute, will ordinarily not affect the special provisions of the earlier statutes, and that if the two statutes cover the same subject, the special statute will prevail. Hollis v. Adams Gin Co., 115 Okla. 25, 241 P. 744; Prince v. Wild Horse Drainage District No. 1, 145 Okla. 185, 292 P. 42, and a number of other cases.

We recognize the correctness of the rule announced in those cases, but both of these acts were passed by the same Legislature, and there are other rules of construction which must not be overlooked. It is equally well settled that statutes in pari materia, passed at the same session of the Legislature, are to be construed together as one act, if it is possible to give effect to both. De Graffenreid et al. v. Iowa Land & Trust

158

Co., 20 Okla. 687, 95 P. 624; Lambert v. Board of Trustees of Public Library of Owensboro, 151 Ky. 725, Ann. Cas. 1915A, 180, and cases therein cited and annotated. Statutes passed by the Legislature on the same day or at the same session, when related to the same subject, are presumed to be actuated by the same policy, and should be construed together so that all may stand (Trapp v. Wells Fargo Express Co., 22 Okla. 377, 97 P. 1003; State v. Prairie Oil & Gas Co., 64 Okla. 267, 167 P. 756; Parwal Inv. Co. v. State, 71 Okla. 121, 175 P. 514), and all statutes must be construed in accordance with the legislative intent. Lee v. Roberts, 3 Okla. 106, 41 P. 595; De Hasque v. Atchison, T. & S. F. Ry. Co., 68 Okla. 183, 173 P. 73, L. R. A. 1918F, 259, and quite a number of later cases. We think the intent of the Legislature and purpose of the act is fully declared in the resolution as follows:

"Whereas, due to the fact that a large amount of live stock is slaughtered in Tulsa county for food purposes and a great amount of those animals and meat therefrom have been found infected with numerous diseases which renders the meat therefrom dangerous for food purposes, the methods of handling said meat in preparation for food purposes should be controlled to safeguard the public health. The majority of these diseased conditions are very easily spread to the human family. Therefore, the method and manner of handling these meats should be efficiently controlled to allow only wholesome, noninfected meats to be sold for public use to safeguard the public health.

"In 1930, there having been slaughtered 27,000 hogs and 8,000 head of cattle in the three abattoirs in Tulsa county now operating, and there having been 33,875 pounds of the meat condemned and destroyed as unfit for human food,—82 head of cattle and 109 hogs condemned before slaughter as unfit for human consumption,—therefore it is impossible for one inspector to be present and supervise efficiently the four packing plants which are located at distant points in Tulsa county. * * *" Chapter 35, article 26, Sess. Laws of Oklahoma, 1931.

It is clear to us that it was the purpose of the Legislature to authorize the board of county commissioners of Tulsa county to provide for inspectors whose only duty was to inspect cattle intended for slaughter, in addition to those provided for by section 8791, supra.

We do not find that said statutes in any way conflict, and believe that they not only can, but should be, construed together as one act and one law.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys G. M. Barrett, R. H. Stanley, and A. W. Trice in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was written by Mr. Barrett and approved by Mr. Stanley and Mr. Trice, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.