**GORDON et al. v. CONNER, Sheriff.**

No. 27619.   June 7, 1938.

Jno. M. Goldesberry, Gerald B. Klein, James Goldesberry, and Carl C. Wever, for plaintiffs in error.

McCoy, Craig & Pearson, for defendants in error.

PHELPS, J.   Jess Gordon, J. S. Plummer, and Jim Keefe, resident taxpayers of Osage county, filed three actions in the district court of said county against the sheriff and members of the board of county commissioners, under the provisions of sections 5964 and 5965, O. S. 1931, wherein it was sought to recover a certain sum of money for the use and benefit of the county and a similar amount for the plaintiffs, on account of alleged unlawful expenditures of certain county funds. The three cases were consolidated for trial and appeal. The causes were tried to the court below, and judgment entered in favor of defendants, from which plaintiffs have appealed. The parties will be referred to as they appeared in the trial court.

At the outset, we are met with a motion to dismiss the appeal, for the reason that the actions were brought and the appeal is being prosecuted in the name of individual taxpayers and not in the name of the state of Oklahoma, as required by the provisions of section 5965, supra. It is conceded that the action should have been instituted in the name of the state of Oklahoma on relation of plaintiffs, as taxpayers. It appears, however, that the action was instituted and prosecuted for the benefit of the county and that the improper designation of the parties plaintiff did not affect a substantial right of the defendants. The cause will not be dismissed or reversed on such grounds, but the petition will be treated as amended to show that the state of Oklahoma on relation of the taxpayers above

named was the plaintiff in the action. Dolezal v. Bostick, Co. Atty., 41 Okla. 743, 139 P. 964; Bailey v. Lankford, 54 Okla. 692, 154 P. 672; Reeves v. Noble, 88 Okla. 179, 212 P. 995.

Other procedural issues are involved, but we have elected to disregard them and to determine the matter upon its merits. Recovery is sought against the sheriff and the board of county commissioners for the amount of the alleged unlawful claims and the penalty. Certain liability is asserted against the sureties on the official bonds of the county commissioners. The claims upon which recovery is sought are divided into three classifications: First, salaries paid to two deputy sheriffs on the ground that six deputies were appointed and the law authorized the appointment of not more than four; second, mileage claims for endeavorance fees paid to the sheriff and his deputies; third, mileage claims for transportation of prisoners to state penal institutions.

To justify the payment of salary claims for the deputy sheriffs and mileage claims for so-called endeavorance fees, defendants rely upon the provisions of chapter 200, S. L. 1925, which is a special legislative act, applicable only to Osage county. Section 7 of the act provides as follows:

"The county sheriff of Osage county, Oklahoma, shall be allowed in the conduct of his office not to exceed one undersheriff, one bookkeeper, and eight (8) salaried deputies, the undersheriff to receive a salary not to exceed the sum of $175.00 per month, the bookkeeper to receive a salary not to exceed the sum of $150.00 per month, and eight (8) salaried deputies, who shall receive a salary not to exceed the sum of $140.00 per month each, said salaries to be fixed and allowed by the board of county commissioners, upon the application and appointment of the county sheriff."

The "endeavorance" claims were for expenses incurred by the sheriff and his deputies in making investigations, in making raids and in endeavoring to apprehend persons when no process was issued by a court authorizing such "endeavorances." It is urged that such claims were properly allowed under the authority of section 10 of the special act, which provides as follows:

"That all salaried deputies shall be allowed in addition to their salary, ten cents per mile for the distance actually traveled in serving processes and endeavoring to serve processes, issued out of any court of record in his county, and in addition thereto where there is an extra and additional expense necessary, said deputies may file

their itemized statement, with receipts attached, for such additional and necessary expenses, with the county commissioners for their approval or rejection, said itemized statement to be separate and apart from any claim for mileage, and such claims shall be duly verified and approved by the county sheriff, provided further that the sheriff shall be allowed ten cents per mile for the distance actually traveled in serving any process, investigating any crime, or conducting any raid, on any place within his county, to be paid in like manner as claims of salaried deputies; provided further, that the mileage hereby allowed shall be in lieu of any and all expenses incurred by the sheriff or his deputies in serving processes in his county, in such investigations and raids as above mentioned."

Chapter 200, S. L. 1925, was amended in some respects by chapter 159, S. L. 1927, the amendments not being material to the issue herein involved.

Plaintiffs contend that the above act is a local or special law and violates section 59, article 5, of the Constitution, relying upon the rule announced in the case of Robinson v. Board of County Commissioners of Marshall County, 151 Okla. 100, 1 P.2d 660. It is further urged that, since the special act is invalid, the authority to appoint and compensate deputies of the sheriff's office is fixed by the provisions of the general statute, section 7852, O. S. 1931; that the population of Osage county is 47,-334, and under the provisions of said statute the sheriff was authorized to appoint not more than four deputies. The sheriff, however, relying upon the provisions of the special act, appointed six deputies. In this action plaintiffs seek to recover, for the county, a sum equal to the salaries paid to the two deputies from July 1, 1933, to the date of filing the suit (April 27, 1936), and a similar sum for their own use and benefit.

The trial court held that the special act was unconstitutional, but further held that the case of Wade v. Board of Commissioners of Harmon County, 161 Okla. 245, 17 P.2d 690, was controlling of the issues involved herein. In that case, it was held:

"The members of the board of county commissioners of a county will not be penalized, under sections 8590 and 8591, C. O. S. 1921 (secs. 5964, 5965, O. S. 1931), for the payment of salaries to county officers under an unconstitutional local act where such payments were made in good faith and before the law is declared unconstitutional, or before they are advised by the proper official as to its unconstitutionality."

No contention is made that defendants were ever advised by the proper officials as to the unconstitutionality of the special act. Plaintiffs take the position that, since this court on several occasions has held similar acts to be unconstitutional, the defendants, being chargeable with a knowledge of the law, are chargeable with knowledge of the unconstitutionality of the special act involved herein. We cannot concur in this contention. The unconstitutionality of the special act involved herein had never been judicially established. Defendants were entitled to rely thereon as a source of authority for their official acts without assuming the risk of incurring heavy penalties in the event such act was subsequently declared to be in contravention of a constitutional provision and therefore invalid. The presumption is that a law is constitutional until its unconstitutionality is judicially established. See State v. Cease, 28 Okla. 271, 114 P. 251.

It is further urged that, even if the special act involved herein is valid, the provisions of section 10 are not sufficiently comprehensive to justify the allowance of the claims for "endeavorances" filed by deputy sheriffs, in that the act provides for the payment of such expense items incurred only by the sheriff. The subject of said section is "Mileage and Expenses for Salaried Deputy Sheriffs." A consideration of all the language used in said section discloses a clear legislative intent that the allowance of "ten cents per mile for the distance actually traveled in serving any process, investigating any crime, or conducting any raid" should apply to such expense incurred by the salaried deputies as well as the sheriff. Such was the holding of the trial court, and in this no error was committed.

Our attention is directed to the provisions of section 2, chapter 11, S. L. 1933, which reduced the mileage of sheriffs in this state from ten cents to seven and one-half cents per mile, and also to article 17, chapter 35, S. L. 1935, which act is a general act, entitled "An Act amending section 7852, Oklahoma Statutes 1931, relating to the number of deputies sheriff in the several counties of the state of Oklahoma, and declaring an emergency." Both of these general acts were passed subsequent to the passage of the special act involved herein. It is urged that these general statutes effectively repeal or amend some of the provisions of the special act. It is the general rule in this jurisdiction that where there are two statutes on the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general. State ex rel. King v. White, 170 Okla. 126, 39 P.2d 69; State ex rel. Moore v. O'Bannon, Judge, approved March 1, 1938, 182 Okla. 173, 77 P.2d 70. The trial court properly held that the subsequently enacted general acts did not repeal the special act.

Regarding the claims for transportation of prisoners to the penal institutions, the record discloses that the sheriff and his deputies computed such expense on the basis of railroad fare to the various institutions. It is pointed out by counsel that the statute does not provide for such manner of computation of such expense, but provides for payment of the "necessary and actual expense incurred in taking prisoners or persons to the state institutions, including the state penitentiary and reformatory." Section 7846, O. S. 1931. The trial court pointed out that no detriment to the county was shown by the use of the method employed by the officers to determine the expense of transporting prisoners to penal institutions in that there was no evidence that the sums so allowed were in excess of the actual cost of such transportation. Such finding is amply supported by the evidence.

We find no necessity for determining whether or not any portion of the recovery sought by plaintiffs is barred by the statute of limitations. Other contentions are presented and argued in the briefs. These have been examined, and it is our conclusion that the trial court committed no reversible error, and the judgment is affirmed.

RILEY, CORN, GIBSON, and HURST, JJ., concur.