## EDMOND INDEPENDENT SCHOOL DIST. NO. 12 v. OKLAHOMA TAX COMMISSION.

No. 30916. March 2, 1943.

Rehearing Denied March 23, 1943.

*135 P. 2d 57.*

Lee Williams, of Oklahoma City, Wade Arends, of Edmond, and A. E. Pearson, of Oklahoma City, for plaintiff in error.

A. Francis Porta, of El Reno, and A. L. Herr and A. D. Howell, both of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This action was instituted in district court by Edmond independent school district No. 12 of Oklahoma county against Oklahoma Tax Commission to recover certain excise taxes paid under protest. Judgment was for defendant, and plaintiff appeals.

The cause was submitted to the court on a stipulation of facts out of which arose the single issue of law whether the school district, in the purchase of gasoline for its school bus used exclusively in transporting children to and from school, was liable for the excise tax of 1½ cents per gallon as levied on all gasoline sold by chapter 18b, Title 68, S. L. 1941 (68 O. S. 1941 §§ 660-660d).

That act levied the 1½ cents per gallon in addition to the 4 cents per gallon theretofore levied by article 14, chapter 66, S. L. 1939 (68 O. S. 1941 § 659a), and, by paragraph (c), section 1 thereof, provided that the state and all its political subdivisions should be subject to the additional tax. Said paragraph (c) reads as follows:

"The gasoline excise tax of one and one-half cents (1½c) per gallon herein levied shall apply to and be payable on gasoline sold and delivered to or used by the state or any political subdivision thereof."

Said act became effective May 20, 1941.

However, the Legislature had previously enacted chapter 31a, Title 70, S. L. 1941, wherein gasoline used exclusively for school buses as above mentioned was specifically exempted from all state taxes. The exemption is set out in section 6 of the act, as follows:

"Gasoline used solely and exclusively in district-owned school buses for the purpose of transporting school children to and from school under the provisions of this act shall be exempt from all state taxes; and gasoline purchased by any school district for use exclusively in school buses leased or hired for the purpose of transporting school children to and from school under the provisions of this act shall also be exempt from all state taxes."

The latter section became effective on May 15, 1941, or five days prior to the act, supra, providing for the additional levy of 1½ cents per gallon and making the state and all political subdivisions subject thereto.

At the time the above exemption was enacted the excise tax on gasoline was 4 cents per gallon as provided by 68 O. S. 1941 § 659a, supra.

The school district takes the position

that the exemption statute, until properly repealed, applied not only to all existing levies, but to future levies as well. It is said that the provision in the latter act which would subject all political subdivisions generally to the payment of the additional 1½ cents per gallon would, if applied to school districts, amount to a partial repeal by implication of the statute exempting the district from all gasoline taxes, and that repeal by implication is not favored.

The school district looks upon the exemption section of the first act, and the clause in the second, which would apply the levy therein made to political subdivisions generally, as relating to the same subject matter, but insists that to apply the latter clause to school districts would constitute an unwarranted interpretation under the rules governing the construction of statutes in pari materia. Counsel agree with the commission that the two provisions are in pari materia, and that both should be allowed to stand in every respect within the scope of consistency, but say that paragraph (c), supra, being general in its application to political subdivisions, should be held inapplicable to school districts in order to avoid implied partial repeal of a statute of specific application by a statute of general application.

It is true that statutory provisions in pari materia, one of which applies specifically to a given subject matter, and the other generally to similar subjects which would include said given subject matter and thereby conflict with the provisions of specific application, are so treated that the latter is usually looked upon as an exception to the general provision, and both allowed to stand as if there were no conflict. This is especially true where, as here, the provisions were enacted at the same session. O'Brien Packing Co. v. Martin, 172 Okla. 157, 44 P. 2d 72. In such case the Legislature is not presumed to have intended a conflict or repeal. Gardner v. School Dist. No. 87, Kay County, 34 Okla. 716, 126 P. 1018; Gordon v. Conner, 183 Okla. 82, 80 P.

2d 322. The rule is stated in the latter case as follows:

"Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general."

The school district says this case falls within the above rule.

It is contended that the exemption statute operates prospectively; that it was intended to apply to all present and future levies (Baker & Strawn v. Magnolia Petroleum Co., 124 Okla. 94, 254 P. 26), and that the general provision purporting to include the school district as a political subdivision, if applied, would repeal the exemption by implication to the extent of the subsequent levy of 1½ cents per gallon, and that such repeals are not favored. Garton v. Hudson-Kimberly Pub. Co., 8 Okla. 631, 58 P. 946; State v. White, 170 Okla. 126, 39 P. 2d 69.

It may be that the exemption statute was intended to apply to all present and future gasoline tax levies. But, as always, the exemption, in the matter of its restriction, was subject to the will of the Legislature. It could be repealed or it could be restricted in its application at any time the Legislature might see fit. Under the general rules of statutory construction repeal by implication is not favored. But a clear legislative intent to restrict the application of a former statute should be respected by the courts. Here, the question is not one of repeal; it is one of restriction. As we view the second of the two statutes, there is revealed a clearly expressed intent that every political subdivision pay the 1½ cents per gallon tax thereby levied, regardless of the present status of the subdivision with respect to exemption. We see no irreconcilable conflict in the two statutory provisions, and are aware of no reason why both should not stand in every respect as the clearly expressed legislative will.

Such was the evident intention of the

Legislature; and at the basis of all rules of statutory construction lies the ultimate purpose of determining the legislative intent. That is the sole question. And where the intent is clearly expressed, rules of construction are not invoked.

The judgment is affirmed.

CORN, C. J., and RILEY, BAYLESS, WELCH, and HURST, JJ., concur. OSBORN, J., absent. DAVISON and ARNOLD, JJ., dissent.

---

DAVISON, J. (dissenting). I am unable to concur in the conclusion announced by a majority of my associates and deem the question involved of sufficient importance to warrant a statement of my individual views.

The question involved in this litigation is not complicated by any dispute in connection with the facts. Thus no restatement of the facts is essential to a proper expression of dissenting views.

The question of whether school districts are compelled to pay a gasoline excise tax of one and one-half cents per gallon on gasoline used in school buses for transporting pupils is primarily one of statutory construction and is so briefed by the parties. The problem is to construe and determine the effect of two different acts of the 1941 Session of our State Legislature.

On May 15, 1941, the Legislature passed an act amending article 9 of chapter 34, Session Laws of 1939. The amendatory act, which was chapter 31a, title 70, Session Laws 1941, provided by section 6 thereof that:

"Gasoline used solely and exclusively in district-owned school buses for the purpose of transporting school children to and from school under the provisions of this act shall be exempt from all state taxes; and gasoline purchased by any school district for use exclusively in school buses leased or hired for the purpose of transporting school children to and from school under the provisions of this act shall also be exempt from *all state taxes*."

At the date of the passage and approval of the foregoing act the only state excise tax on gasoline was four cents per gallon levied by article 14, chapter 66, Session Laws of 1939.

The parties to this litigation agree that the portion of the 1941 act, quoted supra, relieved the plaintiff district of any tax burden on gasoline insofar as the four cent excise tax above referred to was concerned. Their disagreement arises by reason of chapter 18b, Title 68, Session Laws of 1941.

The last-mentioned legislative act was approved May 20, 1941. Subsection (a) of section 1 thereof provided for an excise tax on gasoline of one and one-half cents per gallon which was specified to be in addition to the four cent excise tax then in existence. Subsections (b) and (c) of section 1 provided:

"(b) The gasoline excise tax of one and one-half cents (1½c) per gallon, herein levied, shall be reported to and collected by the Oklahoma Tax Commission in the same manner, by the same method, under the same conditions, and at the same time as the gasoline excise tax of four cents (4c) per gallon levied by article 14, chapter 66, Oklahoma Session Laws, 1939, is reported and collected under existing laws, or laws amendatory thereof.

"(c) The gasoline excise tax of one and one-half cents (1½c) per gallon herein levied shall apply to and be payable on gasoline sold and delivered to or used by the State or any political subdivision thereof."

It is at once apparent that there is an inconsistency or conflict between the provisions of section 6 of chapter 31a, Title 70, Session Laws of 1941, and the portion of chapter 18b, Title 68, supra.

The plaintiff district relies on the former and the defendant Tax Commission on the latter. Each legislative provision, standing alone, is sufficiently comprehensive in the scope of the language used to support the position of the party relying thereon. However, the inconsistency between the two renders it imperative that one should yield to the other.

In this, as in all questions of statutory

244

construction, the purpose of the court is to determine the legislative intent. When that intent is determined, it governs. When the legislative intent cannot be determined from the language used, rules of construction are invoked for the purpose of resolving uncertainty.

It is, of course, a general rule that statutes passed by the Legislature at the same session, when related to the same subject, should be construed together so that both may stand. O'Brien Packing Co. v. Martin, 172 Okla. 157, 44 P. 2d 72; Parwal Inv. Co. v. State, 71 Okla. 121, 175 P. 514.

Construing together the statutes now before us does not necessarily lead to a conclusion favorable to either of the parties, since such construction does not eliminate the conflict in the language used. There is also the possible argument that the latter statute (the one relied upon by the Tax Commission) repeals the former (the statute exempting school districts from all taxes on gasoline used to transport pupils) but repeals by implication are not favored, and whenever possible such a construction of statutes is avoided (Erwin v. Wheeler, 31 Okla. 331, 120 P. 1098), especially when passed at the same session of the Legislature. Hunter v. State, 49 Okla. 672, 154 P. 545; Garton et ux. v. Hudson-Kimberly Pub. Co., 8 Okla. 631, 58 P. 946.

Courts are especially reluctant to consider a former statute repealed by implication where (as in this case) the former statute is special and the latter statute general. In such cases the former remains in force as an exception to the general statute. The rule in this particular was stated by this court in Gordon v. Conner, 183 Okla. 82, 80 P. 2d 322, in paragraph 2 of the syllabus:

"Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general."

Stated in another way, special statutes prevail over general statutes relating to the same subject matter. State ex rel. Moore v. O'Bannon, 182 Okla. 173, 77 P. 2d 70; Hollis v. Adams Gin Co., 115 Okla. 25, 241 P. 744; Crosbie v. Partridge, 85 Okla. 186, 205 P. 758; Carpenter v. Russell, 13 Okla. 277, 73 P. 930.

The rules of statutory construction last above mentioned should be of controlling importance in this case. We have before us a statutory provision comprehensive in its nature providing for the payment by all political subdivisions of the state of an additional excise tax of one and one-half cents per gallon on gasoline. In this respect the statute is general in nature. We have a special statute dealing with the same subject which exempts school districts (one class of political subdivision) from the payment of *all* taxes on gasoline used in school buses for the transportation of pupils. This statute is special and should remain in force as an exception to the general law. The special law should exclude gasoline used in the manner and for the purpose designated from the operation of the more comprehensive law.

In my judgment school districts should not pay the tax. I therefore respectfully dissent.

I am authorized to state that Mr. Justice ARNOLD concurs in the foregoing dissent.