State Group Health Board — Investments Title 74 O.S. 1305 [74-1305](5) and 74 O.S. 1312 [74-1312](1) (1968), are not in irreconcilable conflict and an investment committee established in accordance with Section 74 O.S. 1305 [74-1305](5), may make investments in securities of the United States Government, the State of Oklahoma and certificates of deposit issued by Oklahoma banks with approval by the State Employees Group Health Board. The Attorney General is in receipt of your letter dated July 25, 1968, wherein you cite 74 O.S. 1305 [74-1305](5) and 74 O.S. 1312 [74-1312](1) (1967). You then ask the following question: "Since the two sections of the Act cited heretofore appear to be in conflict, this Board respectfully requests your opinion as to what securities, etc., we may invest in according to the provisions?" Title 74 O.S. 1305 [74-1305](5) (1967), provides as follows: "The Board may establish an investment committee, composed of not less than four members of the Board, which shall be empowered to make investments in securities of the United States Government, the State of Oklahoma, and certificates of deposit issued by Oklahoma banks. Any action of the committee shall be approved by the Board." Title 74 O.S. 1312 [74-1312](1) (1967), provides as follows: "All employee contributions, appropriations and dividend payments shall be deposited in a fund in the State Treasury which is hereby created and which shall be known as the Health Insurance Reserve Fund. The money in such Fund shall be deposited, at interest, by the State Treasurer in such banks and savings and loan associations as the Board shall from time to time designate. Investment income of the Fund shall be added to the Fund. All premiums payable to the carrier underwriting the Health Plan and all expenses in connection with the Plan shall be paid from the Fund. The Director of State Finance is authorized to draw his warrants on the State Treasurer and against the Fund upon filing in his office of proper vouchers executed by the chairman of the Board. All moneys and securities shall be turned over to the State Treasurer for safekeeping." The two aforementioned statutory provisions were both enacted by the same session of the Legislature and as parts of the same bill. The later provision, Section 74 O.S. 1312 [74-1312](1), supra, is more specific than the former provision in that it expressly enumerates what moneys shall be deposited in the Fund and where such moneys once in the Fund may be deposited by the State Treasurer. These facts, however, are not determinative of the issue nor do they represent an irreconcilable conflict as hereinafter discussed. The language of Section 74 O.S. 1312 [74-1312](1), supra, connotates some form of investment by virtue of the words "Investment income shall be deposited" and "All moneys and securities shall be turned over to the State Treasurer for safekeeping." It is a fundamental rule of construction that when two acts are passed at the same session of the Legislature and relate to the same subject, the Legislature intended to make both effective and such statutes should, if possible, be construed as to give effect to both. See 82 CJS., Statutes, Section 367 P. 834. In O'Brien Packing Co. v. Martin, 172 Okl. 157, 44 P.2d 72, the court stated in the second paragraph of its syllabus: "Statutes passed by the Legislature on the same day or at the same session, when related to the same subject, are presumed to be actuated by the same policy, and should be construed together, so that all may stand." The two provisions in question can be readily harmonized or reconciled when considered in their entirety and in light of the obvious legislative intent to authorize certain limited and prudent investments by the State Employees Group Health Board. Further it is persuasive that Section 1312 (1) is virtually identical to 74 O.S. 921 [74-921](1) (1967), relating to investments authorized by the Oklahoma Public Employees Retirement System. The only significant difference is that other provisions of the Retirement Fund authorize much broader investments than in Section 74 O.S. 1305 [74-1305](5), supra. It is, therefore, the opinion of the Attorney General that 74 O.S. 1305 [74-1305](5) and 74 O.S. 1312 [74-1312](1) (1967), are not in irreconcilable conflict and that an investment committee established in accordance with Section 1305 (5), supra, may make investments in securities of the United States Government, the State of Oklahoma and certificates of deposit issued by Oklahoma banks with approval by the State Employees Group Health Board. (Don Timberlake)