Sanity Hearings — Expenses Paid From Expenses of county court mental health proceedings are payable out of the county general fund with the exception of expenses for providing jurors in certain instances to determine the issue of mental illness. The Attorney General has had under consideration your letter dated August 12, 1968, in which you inquire as follows: "Is the budgetary expense of the County Court mental health proceedings payable out of the court fund or is the said expense payable out of the general fund? If the aforenoted expense is paid out of the court fund, upon what date does said expense cease to be a general fund responsibility?" Oklahoma Session Laws 1968, ch. 412, p. 698 (1301 to 20 O.S. 1311 [20-1311] (1968)) effective May 17, 1968, is pertinent to your inquiry since Section 20 of this enactment repeals previous statutes dealing with Court Funds. Sections I and 4 of this enactment are relevant to your inquiry and provide as follows: "Section I — All fees, fines and forfeitures shall, when collected by the court clerk, be deposited by him in a fund in the county treasury designated `The Court Fund', and shall be used, from year to year, in defraying the expense of holding court in said county. . . . . . . . "Section 4 — Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. The term `expenses' shall include . . . fees of jurors and witnesses . . . special services in instances hereafter authorized by law and redecoration of the courtroom, the judge's chambers and clerk's office; . . ." (Emphasis added) Section I, supra, of the enactment provides that the Court Fund shall be used to defray the expenses of holding court and Section 4, supra, provides that claims against such fund shall include only those expenses lawfully incurred incident to the operation of the court. The term expenses is defined to include those expenses specifically provided for including special services in instances hereafter authorized by law. The word "hereafter" was added by the Thirty First Oklahoma Legislature, Second Session (1968), and serves to modify the word "authorized". This addition of "hereafter" in this new statute has the effect of definitizing when special services authorized by law can be considered as proper expenses for payment from the Court Fund. The cardinal rule of statutory construction is to ascertain the intention of the Legislature, which should ordinarily be done by considering the language of the statute. City of Bristow ex rel. Hedges v. Groom, 194 Okl. 384,151 P.2d 936 (1944). Where the language is dear and unambiguous a statute must be held to mean what it plainly expresses, and no room is left for construction. Kierks v. Walsh, 203 Okl. 113, 218 P.2d 920 (1950). 39 CJ.S. 891, defines the word "hereafter" as follows: "HEREAFTER. A word with a distinct meaning, . . . and defined as meaning with this time, in future time; in time to come; subsequently; . . ." Various judicial interpretations have also held that the word "hereafter" pertains to something that will occur in the future. The Supreme Court of Pennsylvania in Baker v. Retirement Board of Allegheny County, 374 Pa. 165, 97 A.2d 231 (1933), said that the word "hereafter" when used as an adverb in a statute refers only to some future time or state while the Supreme Court of Oklahoma in the recent case of Stroud v. D-X Sunray Oil Co., Okl., 376 P.2d 1015 (1962), interpreted the word "hereafter" to mean after this or after this in order or sequence. The addition of "hereafter" must be given effect by allowing only those special service claims against the Court Fund that can qualify as expenses for special services authorized by law subsequent to the enactment of Section 4, supra. Repeal by implication is not favored, but a clear legislative intent to restrict the application of a former statute should be respected. Edmond Independent School District v. Oklahoma Tax Commission, 192 Okl. 241, 135 P.2d 57 (1943) Therefore, to justify the expenditure of court funds for special services the Oklahoma Statutes must provide instances in which special services have been authorized subsequent to the enactment of Section 4, supra. There are several Oklahoma Statutes in which the County Court is authorized by law to perform special services dealing with individuals who are either mentally incompetent or mentally ill. See 43A O.S. 54 [43A-54], 43A O.S. 55 [43A-55] and 43A O.S. 75 [43A-75] (1961). These statutes give the County Court authority to act in various mental health proceedings and to perform special services such as appointing a Sanity Commission to examine the alleged mentally ill person, providing for a jury if necessary to determine the issue of mental illness, providing for the detention in some suitable place of such mentally ill person if his condition is such that he may injure himself or others, providing for compensation together with necessary expense to persons appointed to transfer a mentally ill person to a private hospital, and providing for the testimony of at least two qualified examiners in certain hearings for the purpose of establishing the sanity of a person. In all of these situations, except in the case of expenses for a jury to determine the issue of mental illness, the court must draw upon county general fund for payment since these statutes providing for these services were enacted prior to Section 4, supra, and, therefore, do not qualify as special services authorized by law subsequent to the enactment of such Section 4. The expenses for a jury are specifically provided for under fees for jurors and witnesses in Section 4, supra. Title 43A O.S. 56 [43A-56] (1961), expressly provides that members of the Sanity Commission will be compensated from the general fund of the committing county for their services and expenses incurred in making inquiries into the mental condition of the alleged mentally ill person. The new Court Fund Statutes do not repeal or amend this statute so expenses for the Sanity Commission will continue to be paid out of the county general fund. Consideration should be given to the fact that by virtue of Oklahoma Session Laws 1968, ch. 162, p. 248 (20 O.S. 91.1 [20-91.1] to 20 O.S. 91.6 [20-91.6] [20-91.6] (1968)), after January 13, 1968, the District Courts of Oklahoma will succeed to the jurisdiction of all County Courts. This will have no effect upon this opinion since expenses for mental health proceedings with the exception of expenses for certain jurors will continue to be paid out of the county general fund. It is, therefore, the opinion of the Attorney General that the expenses of county court mental health proceedings are payable out of the county general fund with the exception of expenses for providing jurors in certain instances to determine the issue of mental illness. (Gary F. Glasgow)