CERTIFICATION OF CHILDREN FOR CRIMINAL PROCEEDINGS Both males and females under eighteen years of age, although legally defined as children, may be prosecuted for crimes of which they are accused provided they are charged with delinquency and, after hearing, certified by the court for proper criminal proceedings as set out in 10 O.S. 1112 [10-1112] (1969). The Attorney General has had under consideration your recent letter which reads, in part, as follows: "Does HB No. 1296 of the Second Regular session of the 32nd Legislature codified as Title 10, Section 1101 et seq. wherein a provision is made 'the term child means any person under the age of 18 years . . .' when read in conjunction with Title 10, Sec. 1112, sub. para. (a) preclude the prosecution of both males and females under the age of 18 years save and except for violation of state or municipal traffic laws or ordinances." Title 10 O.S. 1112 [10-1112] (1969), reads in part as follows: "(a) Except as hereinafter provided, a child who is charged with having violated any State statute or municipal ordinance shall not be tried in a criminal action, but in a juvenile proceeding in accordance with this Act. . . . "(b) If a child is charged with delinquency as a result of an offense which would be a crime if committed by an adult, the court, after full investigation and a preliminary hearing, may in its discretion continue the juvenile proceeding, or it may certify such child capable of knowing right from wrong, and to be held accountable for his acts, for proper criminal proceedings to any other division of the court which would have trial jurisdiction of such offense if committed by an adult." Prior to being changed by the 1970 Legislature, 10 O.S. 1101 [10-1101] (1969), read in part as follows: "When used in this Act, unless the context otherwise requires: (a)The term 'child' means any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years. (b) The term 'delinquent child' means (1) any child who has violated any Federal or State law or municipal ordinance, excepting a traffic statute or ordinance, or any lawful order of the court made under this Act; or (2) a child who has habitually violated traffic laws or ordinances." On March 27, 1970, the Legislature amended Section 1101 to read, in part: "When used in this act, unless the context otherwise requires: (a) The term 'delinquent child' means (1) any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years who has violated any federal or state law or municipal ordinance, excepting a traffic statute or ordinance, or any lawful order of the court made under this act; or (2) a child who has habitually violated traffic laws or ordinances. (b) The term 'child in need of supervision' means any person under the age of eighteen (18) years who is habitually truant from school, or who is beyond the control of his parents, guardian or other custodian, or who habitually deports himself so as to injure or endanger the health or morals of himself or others." This amendment, which carried the emergency clause, contained no definition of the word "child" as such. On April 15, 1970, the Legislature then passed O.S.L. 1970, ch. 226, Section 2 of which reads: "As used in Title 10 O.S. 1101 [10-1101] of the Oklahoma Statutes, 1101 et seq., the term 'child' means any person under the age of eighteen (18) years. The term 'delinquent child' means (1) any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years who has violated any federal or state law or municipal ordinance, excepting a traffic statute or ordinance, or any lawful order of the court made under this act; or (2) a child who has habitually violated traffic laws or ordinances." Section 3 of this chapter instructed: "The preceding section shall be codified as Section 1101A of Title 10 of the Oklahoma Statutes." The statutes do not define delinquency. In the definition of "delinquent child" the statute speaks of males under sixteen and females under eighteen. Since a female "child" as defined by statute and a female delinquent child as defined by statute are each "under the age of eighteen years" there is no legal reason why a female "child," under proper circumstances, could not be prosecuted for her crimes. A question arises, though, in the case of boys. We find no way clearly set out in the statutes for a male "child" to be charged with delinquency where the acts constituting the basis for the charge were committed by him while over the age of sixteen. If the "child" cannot be charged with delinquency then a literal reading of Section 1112 (b) would indicate that it would not apply and a male child over age sixteen could not be tried as an adult for any crime other than traffic offenses. This situation appears to be a result not intended by the Legislature. While the clear intent of the act pertaining to dependent and delinquent children is to treat children less harshly for their anti-social acts than adults would be treated for these same acts, still there are limits to which this protection does not extend. Section 10 O.S. 1107 [10-1107](c), for example, protects children only up to age sixteen from forced association (by law enforcement officials in the exercise of their duties) with criminal, vicious or dissolute persons. Section 10 O.S. 1112 [10-1112](b), supra, clearly permits males under age sixteen to be tried under certain conditions the same as if they were adults. We cannot believe it was the legislative intent to treat male children over age sixteen as being less accountable for their acts than their younger brothers. We must conclude that the intent was to treat them the same. Where the intent is not clearly expressed, it is our duty to look for it since "at the basis of all rules of statutory construction lies the ultimate purpose of determining the legislative intent." Edmond Independent School District No. 12 v. Oklahoma Tax Commission, 192 Okl. 241, 135 P.2d 57 (1943). In this connection, the Legislature itself sheds some light. In paragraphs one and two of the syllabus of Bell v. United Farm Agency, Okl. 296 P.2d 149 (1956), we see: "1. Statutes should be construed with reasonable meaning consonant with purpose, rather than being construed in manner which will encourage evil against which statutes are directed. "2. That which is within the reason, purpose and intention of a statute is as much a part of it as if it were within the letter of the legislative act." To throw a broader cloak of protectiveness over a seventeen year old than over a fifteen year old would not seem to us to be within the "reason, purpose and intention" of the statutes. Our Supreme Court also tells us in Rollins v. Heuman, 171 Okl. 435, 437, 43 P.2d 147
"Among the rules pertaining to the construction of statutes adhered to by this court, is one providing that where the literal meaning of the statute would result in great inconvenience, or lead to absurd consequences which the Legislature could not have contemplated, the courts are bound to presume that such consequences were not intended, and to adopt a construction which would promote the ends of justice and avoid the absurdity. Campbell v. Cornish et al." Section 10 O.S. 1102 [10-1102] provides that when jurisdiction by the courts has been obtained over a child, "it may be retained until the child becomes twenty-one (21) years of age if a male. . . ." Obviously, the Legislature has no aversion to a boy being classified as a legally delinquent child merely because he has reached his sixteenth birthday. It is our opinion that the statutes presently in effect do not prevent a male "child" sixteen years of age or older from being charged with being a "delinquent" under proper circumstances. It is, therefore, the opinion of the Attorney- General that both males and females under eighteen years of age, although legally defined as children, may be prosecuted for crimes of which they are accused provided they are charged with delinquency and, after hearing, certified by the court for proper criminal proceedings as set out in 10 O.S. 1112 [10-1112] (1969). (NORMAN CANNON)