The Attorney General has considered your request for an opinion wherein you asked, in essence, the following questions: 1) Was 43A O.S. 191 [43A-191] (1971), which provides for compensation of not more than $12.00 a month to working patients, superseded by 40 O.S. 197.11 [40-197.11] (1978), allowing employment of mentally deficient persons at wages less than the state minimum wage upon issuance of a certificate for that purpose by the Commissioner of Labor? 2) Must a certificate be issued by the Commissioner of Labor before such patients can perform necessary services at the hospitals and be compensated for such service ? Compensation for patients providing necessary services at state mental hospitals is set out in 43A O.S. 191 [43A-191] (1971). That statute provides: Superintendents of hospitals within the Department of Mental Health, with the approval of the Director, are hereby authorized to make payments to patients for necessary services performed within the institutions. Compensation for these services shall not exceed Twelve Dollars ($12.00) per month. Such compensation shall be paid from the revolving funds or canteen funds of the institutions involved. It is further provided that said patients shall not be worked more than forty (40) hours per week. The statute is very specific in that it refers solely to patients at state hospitals, sets a maximum monthly compensation, provides a source of funds, and limits the hours to be worked. The Oklahoma Minimum Wage Act, 40 O.S. 191.1 [40-191.1] et seq. (1971) establishes in general manner the minimum wage policies of this state. In 1978 the legislature amended the Act by including 40 O.S. 197.11 [40-197.11] which in relevant part provides: 40 O.S. 197.11 [40-197.11] Exceptions The Commissioner, to the extent necessary in order to prevent curtailment of opportunities for employment, shall by regulations provide for: (b) the employment of individuals whose earning capacity is impaired by age or physical or mental deficiency of injury, under special certificates issued by the Commissioner, at such wages lower than the minimum wage and for such period as shall be fixed in such certificates; and (c) any individual employed by any state, county, city, town, municipal corporation or quasi-municipal corporation, political subdivision, or any instrumentality thereof; Subsection (b) is a statute of general operation concerning persons impaired by handicaps, including mental deficiencies, designed to facilitate their employment by waiver of strict application of the minimum wage laws. Subsection (c) exempts, among others, employees of the state or instrumentalities thereof from strict application of the act, and by the statute's language the Commissioner is authorized to provide for such employees by regulation. The primary distinction between the two acts is that 43A O.S. 191 [43A-191] (1971) is specifically operative on a particular defined group of persons whereas 40 O.S. 197.1 [40-197.1] et seq. (1971) and in particular 40 O.S. 197.11 [40-197.11] (1978) are statutes of general application. No legislative intention to repeal 43A O.S. 191 [43A-191] (1971) appears in the minimum wage law. The general principle of statutory construction in such situations was announced in Gordon v. Conner,183 Okl. 812, 80 P.2d 322, 324 (1938): "It is the general rule in this jurisdiction that where there are two statutes on the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general." Accord, Smith v. Southwestern Bell Telephone Co. 349 P.2d 646
(Okla. 1960). Furthermore, different legislative enactments dealing with the same subject must be construed together as a whole so as to give effect to each, In re: Guardianship of Campbell, 450 P.2d 207 (Okla. 1966). The general provisions of 40 O.S. 197.11 [40-197.11] (1978) which notes the need for exceptions to the state minimum wage for mentally deficient persons, authorizes the Commissioner to issue certificates allowing employment of such persons at rates below the minimum wage. Title 43A O.S. 191 [43A-191] (1971) specifically authorizes superintendents of state mental hospitals to compensate patients providing essential services, sets a defined maximum compensation, and limits the number of hours to be worked. Specific statutory authority therefore exists for the purpose of establishing a rate of compensation for mentally deficient persons who are patients of state mental hospitals, and additional authorization for such employment by means of a certificate issued by the Commissioner of Labor is unnecessary. It is, therefore, the opinion of the office of the Attorney General that both questions be answered in the negative. The Oklahoma Minimum Wage Act, 40 O.S. 197.1 [40-197.1] et seq. (1971), as amended, does not expressly or impliedly repeal 43A O.S. 191 [43A-191] (1971). A certificate pursuant to 40 O.S. 197.11 [40-197.11](b) (1978) is not a prerequisite to use of or compensation to patients in State mental hospitals by virtue of the authorizations contained in 43A O.S. 191 [43A-191] (1971). (JOHN GREGORY THOMAS) (ksg)