Dear Honorable McDaniel,
The Attorney General is in receipt of your request for an opinion to certain questions which, in substance, are stated as follows:
1. Are all county employees covered by the Workers' CompensationAct?
 2. If so, must an insurance policy be obtained to secure the payment ofcompensation?
 3. May an insurance policy be obtained to secure the payment ofcompensation for certain employees, e.g. Sheriff and Deputy Sheriffs, tothe exclusion of other employees under the provisions of 85 O.S. 149(1977)?
 4. If so, is qualification as an "own risk" insurer advisable?
Your question arises under the provisions of the Oklahoma Workers Compensation Act (hereafter the "Act"), codified as 85 O.S. 1 et. seq. (1977).
County employees became covered under the Act under the provisions of 85 O.S. 26 of the Act, quoted as follows:
 All departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, shall carry Workers' Compensation Insurance on each employee, whether engaged in a governmental or a proprietary function, as of July 1, 1978.
The question whether the county must purchase an insurance policy to secure the payment of compensation requires reference to two (2) sections of the Act, each of which was enacted simultaneously.
85 O.S. 2b, subsection A, quoted in part above, provides that such insurance "shall be carried with the State Insurance Fund . . . Emphasis added
85 O.S. 149, on the other hand, uses permissive language in providing that while the State "must" insure itself with the State Insurance fund,
 ". . . counties, cities and towns may each insure against their liability for compensation with the State Insurance Fund, and may not insure with any other insurance carrier unless the State Insurance Fund refuses to accept the risk when the application for insurance is made, but any county, city or town may carry its own insurance; * * * * Emphasis added
While the two sections of the Act appear to conflict with respect to a county's statutory authority to procure insurance coverage and its ability to obtain a self-insured status, we may rely on the rule of statutory construction that statutes passed by the same session of the Legislature are to be construed together so that, if possible, all may stand, the presumption being that they were actuated by the same policy. O'Brien Packing Co. v. Martin, 172 Okla. 157, 44 P.2d 72 (1935), Syllabi 1 and 2. Under the reasoning of O'Brien Packing Co. supra, the rule of construction seems particularly applicable since the conflict, if any, arises by reason of two sections in the same enactment.
85 O.S. 2b must be regarded as a general statute, that is, the section deals with virtually every instrumentality of the State and its political subdivisions while 85 O.S. 149 narrows its area of permissive interest to counties, cities and towns. It is a settled rule of statutory construction that a special statute making a specific requirement controls over a general statute. As held by the Oklahoma Supreme Court in Syllabus 2 of Reubin v. Thompson (Okla. 1965) 406 P.2d 264 :
 2. Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and that the general statute does not apply.
Using 85 O.S. 149 as the predicate for the authority of a county to secure the payment of compensation, two methods of compliance are specifically authorized:
 1. The county may apply to the State Insurance Fund for insurance coverage, but if refused coverage, may then secure coverage from any other insurer; or
 2. The county may carry its own insurance in the nature of an "own-risk" carrier under the provisions of 86 O.S. 61 (1977) and Court rules applicable thereto.
There is no statutory authority to insure some employees with a third party insurer and to self-insure as to other employees. The options are in the disjunctive, that is, the county may either elect one option or the other.
Your fourth question seeks an opinion as to the advisability of a county electing one option to the exclusion of the other. Such a decision is a matter of judgment or policy, presumably measured in the scales of facts and circumstances peculiar to each governmental entity entitled to exercise one or more options. The Attorney General cannot, should not and, as a matter of policy, does not presume to infringe upon the nondelegable right of the governing authorities with respect to such decisions; accordingly, the Attorney General respectfully declines to respond to your fourth question.
It is, therefore, the opinion of the Attorney General that:
 1. All county employees within the State of Oklahoma are required to beprotected by the provisions of the Workers' Compensation Act, 85 O.S. 1et. seq. (1977).
 2. A county, at its option, may elect to secure the payment ofcompensation from the State Insurance Fund, but if coverage is declinedby the State Insurance Fund, from any other insurance carrier, or,electing not to purchase insurance from a third party insurer, mustbecome self-insured in the nature of an own risk carrier under theprovisions of 85 O.S. 61 (1977) and Court rules pertaining thereto.
 3. A county may not secure the payment of compensation by insuring someemployees with a third party insurer while simultaneously securingpayment of compensation for other employees under a self-insured program.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MANVILLE T. BUFORD, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION