Dear Representatives Gary Taylor,
¶ 0 This office has received your request for an Attorney General Opinion addressing, in effect, the following question:
Are the statutory entities listed in the Sunset Law provisionscodified at 74 O.S. 3903 (1995) terminated as of July 1,1996, or have those statutory entities been re-created by 1996legislation?
 I. OKLAHOMA SUNSET LAW
¶ 1 Generally, the Oklahoma Sunset Law, 74 O.S. 3901-74 O.S.3920 (1991-1995) (the "Sunset Law"), provides for the termination of various statutory entities on dates certain.[1] Section 3903 of the Sunset Law provides that the following statutory entities shall be terminated on July 1, 1996:
Oklahoma State Committee of Plumbing Examiners;
 Water and Sewage Works Operators Certification Advisory Council;
Special Agency Account Board;
 State Board of Examiners of Official Shorthand Reporters; and
Oklahoma EMS Advisory Council."
While the termination date is July 1, 1996, Section 3903 also provides that all powers, duties and functions of the above entities shall be abolished one (1) year after July 1, 1996.
 II. ENABLING LANGUAGE
¶ 2 Each of the above-listed entities is created by its own specific group of statutes. Each of these specific statutes contains language which "enables" the entity by providing for its creation, powers and duties.
¶ 3 The Oklahoma State Committee of Plumbing Examiners was created pursuant to 59 O.S. 1004 (1991) and currently provides, in part:
 The Oklahoma State Committee of Plumbing Examiners is hereby re-created to continue until July 1, 1996, in accordance with the provisions of the Oklahoma Sunset Law. . . .
¶ 4 The Waterworks and Wastewater Works Advisory Council was created pursuant to 59 O.S. 1103(A) (1995) and currently provides, in part:
 An advisory council is hereby re-created, to continue until July 1, 1996, in accordance with the provisions of the Oklahoma Sunset Law. . . .
¶ 5 The Special Agency Account Board was created pursuant to62 O.S. 7.2(A) (1995) and currently provides, in part:
 There is hereby re-created, to continue until July 1, 1996, in accordance with the provisions of the Oklahoma Sunset Law. . . .
¶ 6 The State Board of Examiners of Certified Shorthand Reporters was created pursuant to 20 O.S. 1501 (1995) and currently provides, in part:
 There is hereby created, to continue until July 1, 1996, in accordance with the provisions of the Oklahoma Sunset Law. . . .
¶ 7 The Oklahoma EMS Advisory Council was created pursuant to63 O.S. 1-2516(A) (1995) and currently provides, in part:
 There shall be created the Oklahoma EMS Advisory Council until July 1, 1996, in accordance with the provisions of the Oklahoma Sunset Law. . . .
¶ 8 In 1996, legislation was passed which amended each of the above entities' enabling language. The amendment for each statute changed the termination date for each entity from July 1, 1996 to July 1, 2002.
¶ 9 With the exception of the Oklahoma State Committee of Plumbing Examiners, the effective date of the amendments is November 1, 1996.[2] Therefore, from July 1, 1996 until November 1, 1996, a question arises as to the status of the entities.
 III. STATUS OF ENTITIES BETWEEN JULY 1, 1996 AND NOVEMBER 1, 1996
¶ 10 Both the Sunset Law and the enabling statutes for each entity currently provide for a termination date of July 1, 1996. The Sunset Law at Section 3903 also provides that while the entities are terminated on July 1, 1996, their powers, duties and functions are not abolished until one year later (i.e., July 1, 1997). Further, Section 3909(A) of the Sunset Law provides:
 Except as otherwise provided by law, any statutory entity listed in Sections 3903 through 3908 of this title which is terminated shall have a period of one (1) year after its termination date for the purpose of ceasing its affairs and termination shall not reduce or otherwise limit the powers, duties, or functions of said entity. Upon the expiration of the one-year period, the entity and its personnel positions shall be abolished.
 74 O.S. 3909(A) (1991).
¶ 11 It is a rule of statutory construction that statutes are interpreted in light of their context. Davis v. State,300 P.2d 1000 (Okla.Crim.App. 1956). To ascertain the intention of the Legislature, all the various portions of the legislative enactments upon the particular subject, including subsequent enactments, should be construed together and given effect as a whole. Independent School District No. 89 of Oklahoma County v.Oklahoma City Federation of Teachers, 612 P.2d 719 (Okla. 1980).
¶ 12 While the Legislature could have avoided the possibility of any lapse by including emergency language in the 1996 amendments, the failure to so do should not lead to a clearly unintentional result. Statutory construction that would lead to an absurdity must be avoided and a rational construction should be given to a statute if the language fairly permits. Ledbetterv. Oklahoma Alcoholic Beverage Laws Enforcement Commission,764 P.2d 172 (Okla. 1988).
¶ 13 In light of the Sunset Law's provisions regarding the additional one (1) year period of time to wind-down its operations, and the 1996 legislation amending the expiration dates of the entities from July 1, 1996, to July 1, 2002, there is a clear legislative intent for the entities to continue in existence past July 1, 1996.
 IV. EFFECT OF 1996 LEGISLATIVE AMENDMENTS ON THE SUNSET LAW
¶ 14 As discussed, the enabling language for each entity was amended in 1996 to extend the termination date of each entity to July 1, 2002, but the Sunset Law was not similarly amended.[3] Accordingly, a conflict exists between the termination date of July 1, 1996, as found in the Sunset Law, and the termination date of July 1, 2002, as provided for in each entity's enabling statute.
¶ 15 It is a rule of statutory construction that a special statute controls over a general statute. Edmond IndependentSchool District v. Oklahoma Tax Commission, 135 P.2d 57 (Okla. 1943). Also, if the provisions of statutes are in conflict, the latter-enacted statute must prevail. Boice v. State,473 P.2d 241 (Okla. 1970).
¶ 16 Regardless of the Sunset Law, the listed entities could not exist except for the specific statute creating each entity. Thus, the special statutes providing for a termination date of July 1, 2002 control over the more general Sunset Law provisions.
¶ 17 Likewise, the 1996 legislative amendments providing for a termination date of July 1, 2002, prevail over the older Sunset Law provisions.
¶ 18 Additionally, the Sunset Law at 74 O.S. 3917(A) (1995) provides:
 Any statutory entity enumerated in the Oklahoma Sunset Law shall, if re-created, be placed in this act to be terminated or re-created six (6) years thereafter.
¶ 19 This provision clearly contemplates that the listed entities may be re-created despite a Sunset Law provision to the contrary. In such event, it also requires that the entity be placed in the act to be terminated or re-created six (6) years thereafter. Consequently, the 1997 Legislature could pass legislation amending the Sunset Law which provides for the termination of the listed entities on July 1, 2002.
¶ 20 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Those statutory entities listed in the Sunset Law at 74 O.S.3903 (1995), have been re-created by 1996 legislation providingfor termination dates of July 1, 2002.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] You also addressed the issue of the status of the Oklahoma Educational Television Authority ("OETA"). The Oklahoma Sunset Law does not specify a termination date for OETA. Title 70 O.S.1991, § 23-105[70-23-105] provides that OETA is re-created to continue until July 1, 1996.
[2] The effective date of the amendment for the Oklahoma State Committee of Plumbing Examiners is July 1, 1996.
[3] Governor Keating vetoed House Bill 2143 which would have amended the Sunset Law and Provided for a July 1, 2002, termination date for the listed entities.